IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. Action No. 98-10079-02-WEB |
| ) | |
| CARLOS L. CANEDO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter is before the court on defendant Carlos Canedo's "Motion for Relief From Judgment Or Order Pursuant to Fed.R.Civ.P. 60(b)(5)(6)." Doc. 243.

I. *Background*.

A review of the file shows that in November of 1998, following a joint trial with a co-defendant, Mr. Canedo was convicted by a jury on four counts of a second superseding indictment charging violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 924(c) and 2. As reflected by the judgment entered February 11, 1999, defendant was sentenced to a total of 181 months imprisonment. Doc. 151. On direct appeal the Tenth Circuit Court of Appeals affirmed the judgment and sentence, rejecting defendant's claims that his conviction was based on improper evidence or that the evidence against him was insufficient. *See United States v. Canedo*, 202 F.3d 283 (Table, Text in Westlaw), Unpublished Disposition, 2000 WL 3842 (10th Cir., Jan. 3, 2000). The Tenth Circuit's mandate was entered on the docket of this court on January 31, 2000. Doc. 186.

On April 24, 2001, defendant filed a motion pursuant to 28 U.S.C. § 2255 challenging his

conviction and sentence. This court denied the motion on April 30, 2003, and subsequently denied a motion to reconsider, on the grounds that the motion was barred by the one-year statute of limitations in § 2255. The court also denied a certificate of appealability. Docs. 212, 219. Defendant filed an appeal from those rulings, but the Tenth Circuit also concluded that the claims were time-barred. Accordingly, the Circuit denied a certificate of appealability and dismissed the appeal. Doc. 232.

Defendant's current motion argues that relief from the judgment should be granted under subsections (b)(5) and (b)(6) of Rule 60 because: (1) defendant says his conviction and sentence were based on "'testimonial statements' without confrontation rights which should not have been admitted in light of *Crawford v. Washington*, 541 U.S. 36 (2004)"; and (2) he contends this court improperly engaged in judicial fact-finding at sentencing in violation of the right to jury trial explained in *United States v. Booker*.

II. *Discussion*.

Section 2255 of Title 28 of the U.S. Code permits a prisoner in custody under a federal sentence to move to vacate, correct or set aside the sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. The statute places a restriction, however, on second or successive § 2255 motions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable.

The Rules governing section 2255 proceedings provide in part that the Federal Rules of Civil Procedure can be applied in such proceedings "to the extent that they are not inconsistent with any statutory provisions ...." § 2255 Rule 12. Thus, Rule 60(b) "cannot be used to circumvent [the statutory] restraints on successive habeas petitions." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). A Rule 60(b) motion "might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed.R.Civ.P. 60(b)(6), from the previous denial of a claim. [citation omitted]. Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *See Gonzales v. Crosby*, 125 S.Ct. 2641, 2647 (2005).

Defendant's motion, although characterized as arising under Rule 60(b), is in substance a Section 2255 claim, as shown by the fact that defendant is arguing that the sentence was imposed in violation of the Constitution and laws of the United States. *Cf. Gonzales, supra* (motion was not to be treated as a successive habeas petition because it did not assert claims of error in movant's conviction; rather it challenged only the district court's failure to reach the merits based on its application of the statute of limitations). As such, defendant's motion is a second motion under § 2255 and is subject to the restrictions in § 2255. This court has no jurisdiction to address the merits of the motion in the absence of a certification from a panel of the U.S. Court of Appeals for the Tenth Circuit. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997). *See also* 28 U.S.C. § 2244(b)(3)(A) (before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application).

*Conclusion*.

Defendant's "Motion for Relief from Judgment or Order Pursuant to Fed.R.Civ.P. 60(b)(5)(6)" (Doc. 243) is hereby DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 7th Day of September, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge